UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SCOT M.,[1]

                                         Plaintiff,

v.                                                                           1:21-cv-1070-JJM

COMMISSIONER OF SOCIAL SECURITY,

                                          Defendant.

**DECISION AND ORDER**

_____

        Plaintiff brings this action pursuant to 42 U.S.C. §405(g) to review the final determination of the Commissioner of Social Security that he was not disabled. Before the court are the parties' cross-motions for judgment on the pleadings [7, 8].[2] The parties have consented to my jurisdiction [9]. Having reviewed their submissions [7, 8], this action is remanded to the Commissioner for further proceedings consistent with this Decision and Order.

## BACKGROUND

        The parties' familiarity with the 769-page administrative record [6] is presumed. On August 5, 2020, plaintiff filed an application for Social Security disability insurance benefits ("DIB"), alleging an onset date of April 18, 2020. Administrative Record [6] at 15, 71. Plaintiff complained of depression, anxiety, irritable bowel syndrome, left eye impairment, chronic

---

[1]    In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Western District of New York on November 18, 2020 in order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2]    Bracketed references are to the CM/ECF docket entries. Page references to the administrative record are to the Bates numbering. All other page references are to the CM/ECF pagination.

fatigue, carpel tunnel, allergies, thyroid issues, and high cholesterol. Id. at 72. Plaintiff's claim was initially denied and was denied again upon reconsideration. Id. at 15, 76, 85.

At plaintiff's request, Administrative Law Judge ("ALJ") Paul Georger conducted a telephonic hearing on February 5, 2021. Id. at 15, 31-70. Plaintiff was represented by an attorney. Id. at 15. At the hearing, plaintiff testified he worked for 19-20 years as a bagger. Id. at 41. In April 2020, he quit his job to receive COVID-related unemployment benefits. Id. at 42. He testified that, while he was working, he had difficulty "dealing with other people". Id. at 44. He had "issues" with administration and had some unreported "physical confrontations" on the job. Id. A year or two before quitting, he reported "plotting a Columbine-type attack on the people I worked for", including "making pipe bombs and things like that". Id. Fortunately, plaintiff sought help from a mental health counselor who adjusted his medication. Id. He "struggled" to continue working and ultimately decided with his healthcare providers that it was best not to return to the workforce. Id. at 45.

ALJ Georger issued a Notice of Decision denying plaintiff's claim on June 29, 2021. Id. at 15-26. He found that plaintiff had the following severe impairments: depression, anxiety, and post-traumatic stress disorder ("PTSD"). Id. at 17. He assessed plaintiff with a "marked limitation" in interacting with others and a "moderate limitation" in adapting or managing oneself, but with no other mental or physical limitations. Id. at 18-20.

In reaching this conclusion, ALJ Georger relied heavily on an April 2021 psychiatric evaluation by consultative examiner, Todd Deneen, Psy.D. Id. at 22-24, 762-69 (report). Dr. Deneen recounted plaintiff's reported history of mental illness, including anxiety, depression, and PTSD. Id. at 762-63. Plaintiff reported to Dr. Deneen having "anger outbursts and hypervigilance", and that he does not trust people. Id. He reported past suicidal and

homicidal thoughts, but neither recently. Id. Dr. Deneen described plaintiff as having coherent thought processes, intact attention/concentration, and appropriate intellectual functioning, but found his insight to be "poor" and his judgment "fair". Id. at 763-64. Plaintiff managed his activities of daily living. Id. at 764. Dr. Deneen assessed plaintiff with "unspecified trauma and stressor-related disorder" and an "unspecified personality disorder with antisocial traits". Id. at 765. He opined that plaintiff would have no limitations with understanding and applying directions, using reason and judgment, sustaining concentration, and being aware of hazards, as well as a mild limitation in sustaining an ordinary routine and attendance. Id. 764-65. However, Dr. Deenen opined that plaintiff would have "moderate" limitations in his ability to regulate emotions, control behavior, maintaining well-being and interacting with the public, and would have "marked" limitations with respect to interacting adequately with supervisors and coworkers. Id. at 765, 768 (checkbox form).

ALJ Georger found Dr. Deneen' opinion "persuasive" and supported by, and consistent with, his examination findings and observations. Id. at 24. ALJ Georger rejected the opinions of state consultants E. Kamin, Ph.D., and L. Haus Psy.D, which assessed plaintiff with no severe mental impairments, finding that - despite being supported by the underlying exam findings and generally consistent with the treatment records - those opinions were inconsistent with Dr. Deneen's credited assessment of limitations regarding interaction and self-regulation. Id. at 24.

ALJ Georger determined that plaintiff retained the RFC to perform a full range of work at all exertional levels but with following non-exertional limitations: plaintiff was limited to only simple, routine, repetitive tasks at less than production rate; simple work-related decisions; occasional interaction with supervisors, coworkers, and the general public; and

occasional changes to his worksite and routine. Id. at 21. ALJ Georger stated that all the previously noted mental limitations (including the marked limitation in interacting with others) were "fully accommodated" by the RFC determination. Id. at 23.

## ANALYSIS

A.   **Standard of Review**

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (*quoting* 42 U.S.C. §405(g)). Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion". Consolidated Edison Co. of New York, Inc. v. NLRB, 305 U.S. 197, 229 (1938); *see also* Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154 (2019); Colgan v. Kijakazi, 22 F.4th 353, 359 (2d Cir. 2022) ("[a]lthough . . . the evidentiary threshold for the substantial evidence standard 'is not high,' . . . the substantial evidence standard is also not merely hortatory: It requires relevant evidence which would lead a 'reasonable mind' to concur in the ALJ's factual determinations").

An adjudicator determining a claim for Social Security benefits employs a five-step sequential process. *See* Shaw, 221 F.3d at 132; 20 C.F.R. §§404.1520, 416.920. The plaintiff bears the burden with respect to steps one through four, while the Commissioner has the burden at step five. Talavera v. Astrue, 697 F.3d 145, 151 (2d. Cir. 2012).

B.   **Was the ALJ's RFC Determination Supported by Substantial Evidence?**

Plaintiff argues that ALJ Georger's RFC determination was unsupported by substantial evidence because it disregarded the limitations in Dr. Deneen's opinion, *i.e.*,

moderate to marked limitations in interacting appropriately with supervisors, coworkers, and the public, and incorrectly concluded that plaintiff could tolerate "occasional interaction with supervisors, co-workers, and the general public". [7-1] at 1, 7-11.  The Commissioner argues that ALJ Georger's RFC determination is consistent with the limitations assessed by ALJ Georger, as well as the balance of treatment records and medical opinion evidence. [8-1] at 7-11.

To begin, plaintiff's contention that ALJ Georger "ignored" Dr. Deneen's assessment of moderate to marked limitations in interaction with others ([6] at 768) is belied by a plain reading of his decision. On the contrary, ALJ Georger explicitly credited those limitations in his decision, finding Dr. Deneen's opinion to be "persuasive" (id. at 24) and adopting the limitations into his decision. Id. at 19-20 ("[i]n interacting with others, the claimant has a marked limitation"), 23. Plaintiff's argument is, effectively, that such limitations are necessarily inconsistent with ALJ George's RFC determination, which allows for occasional interaction with the public, supervisors, and coworkers. See [7-1] at 9, 7-11.  Plaintiff fails to cite any authority for that proposition. See id.  Nevertheless, I agree that remand is warranted.

The Social Security Administration evaluates the degree of mental limitations on a "five-point scale: None, mild, moderate, marked, and extreme". 20 C.F.R. §404.1520a(c)(4); see 20 C.F.R. Pt. 404, Subpt. P, App. 1, §12.00(F)(2). A "marked limitation" in interacting with others indicates that "functioning in this area independently, appropriately, effectively, and on a sustained basis is seriously limited." Id. at §12.00(F)(2)(d). Conversely, the term "occasionally" is defined (at least in the contexts where it is defined) as "from very little up to one-third of the time, depending on the particular job" (SSR 83-14, 1983 WL 31254 (January 1, 1983)) and "generally total no more than about 2 hours of an 8-hour workday". SSR 96-9p, 1996 WL 374185 (July 2, 1996).

While "the limitations identified in the 'paragraph B' criteria . . . are not an RFC assessment" (SSR 96-8P, 1996 WL 374184, *4 (July 2, 1996)), there is some inherent tension in an RFC determination that assumes a person who is "seriously limited" in their ability to perform a function "independently, appropriately, effectively, and on a sustained basis" can do so for up to one-fourth or one-third of the day. See Vargas v. Kijakazi, 2023 WL 2655811, *3 (E.D. Cal. 2023) ("[w]hile the regulations do not define a precise relationship between the paragraph B mental functional limitations and the RFC, the occasional limitations ascribed to plaintiff ordinarily would correspond with a finding of moderate - rather than marked - limitations").

For that reason, several courts in this Circuit have held "that a physician's assessment that a plaintiff has 'marked' limitations is not necessarily consistent with an RFC limiting the Plaintiff to 'occasionally' performing those same activities". Buczynski v. Commissioner of Social Security, 2019 WL 5540880, *4 (W.D.N.Y. 2019) (collecting cases); see John T. v. Commissioner of Social Security, 652 F. Supp. 3d 372, 377 (W.D.N.Y. 2023); Gasperini v. Commissioner of Social Security, 2022 WL 970522, *9 (S.D.N.Y. 2022); Jeffery A. v. Commissioner of Social Security, 2020 WL 1234867, *10 (N.D.N.Y. 2020).

Of course, the inverse of that statement is also true: an assessment of "marked" limitations is not necessarily *inconsistent* with an RFC allowing for occasional performance of those activities. See Thomas C. W. v. Kijakazi, 666 F. Supp. 3d 202 (N.D.N.Y. 2023) ("[the] RFC is nonetheless consistent with Plaintiff's marked limitations [in interacting] because it restricted him to . . . no more than occasional interaction with coworkers, supervisors, and the public"); Kya M. v. Commissioner of Social Security, 506 F. Supp. 3d 159, 167 (W.D.N.Y. 2020) ("the RFC limits Plaintiff to superficial interaction with the public, and occasional interaction with co-workers and supervisors, without involving any tandem tasks, which address

Dr. Lin's opinion that Plaintiff is markedly limited in relating adequately with others"); Fiducia v. Commissioner of Social Security, 2015 WL 4078192, *4 (N.D.N.Y. 2015) ("a marked limitation interacting with others does not conclusively demonstrate that [plaintiff] is unable to work, particularly given the fact that the ALJ limited plaintiff to work that does not require more than occasional interaction with the public and co-workers").

The crucial factor in these cases is whether the ALJ adequately explained, with sufficient record support, why a claimant's marked limitations are consistent with the RFC determination allowing for occasional performance of that function. See John T., 652 F. Supp. 3d at 378 ("[t]he ALJ has provided no explanation for how the RFC finding is consistent with or supported by Dr. Litchmore's assessment of moderate to marked limitations as to these activities"); Jeffery A., 2020 WL 1234867 at *10 ("[n]either Dr. Jenouri's opinion nor the ALJ's decision explains how light work is consistent with moderate to marked limitations in walking, standing, sitting long periods, bending, stair climbing, lifting, or carrying, as light work would necessarily require engaging in many of these activities for up to one third of the day and as much as two-thirds of the day for standing and walking").

Generally, "[i]t is the ALJ's responsibility to 'build an accurate and logical bridge from the evidence to [his] conclusion to enable meaningful review." Arch v. Commissioner of Social Security, 2021 WL 4200719, *12 (S.D.N.Y. 2021) (internal quotation omitted).  While an ALJ "need not recite every piece of evidence that contributed to his decision, so long as the record 'permits us to glean the rationale of an ALJ's decision'", "[r]emand may be appropriate where . . .  inadequacies in the ALJ's analysis frustrate meaningful review". Cichocki v. Astrue, 729 F.3d 172, 177, 178 n.3 (2d Cir. 2013). Further, "[w]hile the ALJ is not obligated to 'reconcile explicitly every conflicting shred of medical testimony,' she cannot simply selectively

choose evidence in the record that supports her conclusions." Dioguardi v. Commissioner of Social Security., 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (citations omitted).

Here, ALJ Georger did not explain why he concluded that a restriction to occasional interaction with supervisors, co-workers, and the general public accommodated plaintiff's marked limitation in interacting with such people. On this record, in which plaintiff is diagnosed with having "unspecified personality disorder with antisocial traits" ([6] at 765) and recounts troubling incidents of violence and attempted violence in the workplace, it is hardly self-evident that plaintiff's limitations on interaction are adequately addressed by such a restriction. Therefore, remand is required to allow for further explanation and/or development of the record.

## CONCLUSION

For the reasons stated above, plaintiff's motion for judgment on the pleadings [7] is granted to the extent of remanding this claim to the Commissioner for further proceedings consistent with this Decision and Order, and is otherwise denied, and the Commissioner's motion for judgment on the pleadings [8] is also denied.

**SO ORDERED**.

Dated: February 21, 2024

                                            /s/ Jeremiah J. McCarthy
                                            JEREMIAH J. McCARTHY
                                            United States Magistrate Judge